■ In the Matter of LUEVINA GAINES et al., Petitioners, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review determinations of the respondent State commissioner, dated February 27, 1978 and March 30, 1978, respectively, after statutory fair hearings, which affirmed determinations of the local agency terminating grants of public assistance. Petition granted to the extent that the determi-

nations dated February 27, 1978 and March 30, 1978 are annulled, on the law, without costs or disbursements, and the shelter and fuel allowances in question are reinstated, retroactive to the effective date of the termination. Petitioners are the grandparents of infants who are recipients of Aid to Dependent Children (ADC). These infants reside with their grandparents. Petitioners do not receive public assistance for themselves and they support their daughters, the mothers of the infant ADC recipients. Under section 101 of the Social Services Law petitioners have no responsibility to support their grandchildren. By not allowing the infant ADC recipients an allowance for shelter and fuel, respondents have imposed a *de facto* support obligation on petitioners. Petitioners have not voluntarily assumed the shelter and fuel costs for their grandchildren. Indeed, at least one petitioner testified that she would force her daughter and grandson out of the household were the shelter allowances to cease. Respondents cannot rely on the presence of the words "actually paid" in the regulations pertaining to shelter and fuel allowances (18 NYCRR 352.3 [c], 352.5 [b]) to force the petitioners to assume a support obligation. Moreover, it is obvious that the infant recipients do pay part of the shelter and fuel costs. The uncontradicted fair hearing testimony of petitioner Gaines was that it was only with the assistance of her grandson's shelter allowance that she was able to pay the rent on an apartment suitable for all of her family. In conclusion, we find that the infant ADC beneficiaries who reside with "nonlegally responsible" relatives are clearly eligible for and entitled to shelter and fuel allowances under the relevant regulations. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.